No. 92

## CENNAMO et v. TELEPHONE CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1307.    Decided Nov. 20, 1925

947.  PRESCRIPTION—Use of premises for 21 years or over never ripens into a prescriptive right if the use thereto is by license or permission.

ALLREAD, J.

Dominico Cennamo filed a mandatory injunction in the Franklin Common Pleas against the Ohio Bell Telephone Company demanding removal of certain cables strung across his property and for damages as a result thereof.

In the court below the Telephone Company admitted that the cables were placed over the property without authority from the predecessor in title of Cennamo's property, but defended on the ground of adverse possession, contending that its predecessor in title erected the cables in 1899 or 1900 and that it maintained same openly and adversely until October 11, 1920. The Court below dismissed the petition of Cennamo who appealed to the Court of Appeals which held:

1. The evidence clearly shows that the cables which swing back and forth during heavy storms cause damage to the roof of Cennamo's property and that damage resulted by reason of the Telephone Company's workmen climbing on the roof to repair the cables. Cennamo is entitled to relief against the possible recurrence of such damage.

2. The burden of proving adverse possession for 21 years is upon the Company and the evidence on this point is to the effect that the cables were strung across the property sometimes prior to May 4, 1901. The testimony of Cennamo shows that he purchased the property in 1920 and that he filed complaints to the company in 1921 and 1922 and the company paid a bill for damages rendered by Cennamo, thus recognizing Cennamo's complaints. This evidence tends to frustrate the Company's defense as to adverse possession.

3. The facts show that the Company's use of the premises was by virtue of a license, which is indicated by the record showing that the poles to which the cables were attached was not located on the premises and it is consistent with Cennamo's claim that the Company's use was temporary.

4. An easement can never ripen into a prescriptive right where the use thereof is by permission or license, and therefore the use by the Telephone Co. of Cennamo's property, even if it continued for a period of 21 years or more would not make out a case of adverse possession. 111 OS. 341.

## STATE COURT OF APPEALS—Continued

, 5. The filing of the petition by Cennamo constitutes a revocation of the permission acquiesced in by him in favor of the Company.

6. Cennamo is entitled to a mandatory injunction and the removal of the cables should be made within 90 days. Damages of $132.00 is also allowed.

Decree accordingly.

Attorneys—Wilson & Rector and R. W. Poppleton for Cennamo et; Henderson & Burr and R. H. Treffinger for Telephone Co.; all of Co-